# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE, CDCR #H82249,<br><br>                      Plaintiff,<br><br>       v.<br><br>JEREMIAH JAMES DURAN, et al.,<br><br>                   Defendants. | Case No.: 26-CV-551 JLS (LR)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO SATISFY FILING FEE REQUIREMENT UNDER 28 U.S.C. § 1914(A) AND AS FRIVOLOUS UNDER 28 U.S.C. § 1915A(b)(1)** |

Presently before the Court is Plaintiff Merrick Jose Moore's Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Compl.," ECF No. 1), originally filed in the Eastern District of California on January 10, 2026. The case was transferred to this Court on January 27, 2026. ECF Nos. 3–4. Plaintiff claims that he was subjected to cruel and unusual punishment and excessive use of force while housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. Compl. at 1–6. For the reasons stated below, the Court **DISMISSES** the case.

/ / /

/ / /

/ / /

## I.     FAILURE TO SATISFY FILING FEE REQUIREMENT

First, Plaintiff has not paid the $405 civil filing fee required by 28 U.S.C. § 1914(a) or moved to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See generally* Docket.  Therefore, his case is subject to dismissal on this basis.

## II.    SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

Second, the Complaint fails to surpass screening under the Prison Litigation Reform Act ("PLRA"), which requires courts to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP.  28 U.S.C. § 1915A(a), (c).  Specifically, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a governmental entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune."  28 U.S.C. § 1915A(b)(1)–(2); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Plaintiff's Complaint in this action is subject to *sua sponte* dismissal under the doctrine of res judicata, which bars a party from relitigating claims that were raised or could have been raised in a prior action.  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).  Res judicata precludes a subsequent suit when there is: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citation omitted).  The Court may consider the res judicata effect of a prior proceeding *sua sponte. See Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1992).

Plaintiff's Complaint alleges five causes of action against RJD personnel, including Defendants Duran and Manquero.  Compl. at 1–5.  Plaintiff asserts that Defendants' conduct involved excessive force, violation of his Eighth Amendment rights, and

2

retaliation. *Id.* at 5, 7. These claims are duplicative of another civil action that has already been adjudicated. *See Moore v. Duran, et al.*, No. 23-CV-194 (GPC) DDL (S.D. Cal.). There, Plaintiff filed a remarkably similar complaint on February 1, 2023. *See Moore*, No. 23-CV-194 (GPC) DDL, ECF No. 1 (S.D. Cal. Feb. 1, 2023). The complaint alleged that on March 1, 2018, RJD personnel, including Defendants Duran and Manquero, used excessive force and violated the Eighth Amendment to the U.S. Constitution. *Id.* at 5, 7. The complaint further alleged that RJD staff violated his constitutional rights by retaliating against him and "disregard[ing] . . . his safety and welfare" on or about January 7, 2018. *Id.* at 8.

On July 11, 2025, a jury in that case "returned special verdicts for the relevant Defendants." *Moore*, No. 23-CV-194 (GPC) DDL, ECF No. 170, at 2 (S.D. Cal. Sept. 25, 2025). "Specifically for Defendant Manquero, the special verdict found him 'liable for use of excessive and unnecessary force against Plaintiff; for acting maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain and restore discipline; and for causing harm to Plaintiff, finding that Defendant Manquero acted with malice, oppression, or in reckless disregard of Plaintiff's rights.'" *Id.* "Nominal and punitive damages were awarded." *Id.* "After the judgment had been entered, the Parties reached a post-judgment agreement." *Id.* This included "an agreement to not seek costs, for Plaintiff to waive his rights to collect the awarded $1,000 in punitive damages, and for the CDCR to pay Plaintiff $1,500 in satisfaction of the judgment and as a release of all claims connected to the Complaint." *Id.* (citation omitted). Following that post-judgment agreement, the Court granted a motion to vacate the judgment against Manquero and dismissed the case with prejudice. *Id.* at 5.

In the present case, Plaintiff alleges the same claims that were already raised and adjudicated in his initial case. Therefore, even if Plaintiff had satisfied the filing fee requirement, he may not relitigate the claims referenced in his Complaint, as he raised the same claims in a previously filed § 1983 action. Because the claims raised in this action are the same as those alleged in *Moore v. Duran, et al.*, No. 23-CV-194 (GPC) DDL (S.D.

26-CV-551 JLS (LR)

Cal.), a § 1983 suit which resulted in a final judgment on the merits, and there is privity between the parties in both cases, *see Headwaters*, 399 F.3d at 1052, the Court finds Plaintiff's reassertion of those claims in this newly-filed § 1983 action is precluded by res judicata principles. *See Howard v. Am. Online Inc.*, 208 F.3d 741, 748 (9th Cir. 2000) ("A judicially approved settlement agreement is considered a final judgment on the merits.").

Accordingly, the Court **DISMISSES** this subsequently filed case as frivolous under 28 U.S.C. § 1915A(b)(1). *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint that merely repeats pending or previously litigated claims." (internal quotation marks and citation omitted)). Since res judicata constitutes a defect that cannot be cured, the dismissal is without further leave to amend. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend); *Cornejo v. Minglana*, No. 23-cv-05383-JSW, 2025 WL 870415, at *4 (N.D. Cal. Mar. 20, 2025) (denying leave to amend claims barred by res judicata as futile).

## CONCLUSION

In light of the foregoing, the Court **DISMISSES** the entire above-captioned action. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED**.

Dated: June 1, 2026

Hon. Janis L. Sammartino
United States District Judge